■ In the Matter of Boris J. Friedkiss, an Attorney, Respondent, Brooklyn Bar Association, Petitioner.— In this proceeding to discipline an attorney, petitioner moves to confirm the report of the Referee to whom this court had referred the issues to hear and report. The petition contains allegations of complaints by 10 persons. The report states that the complaints of four persons should be dismissed, for various reasons, and that a fifth complaint was withdrawn. As to the remaining complaints, the Referee found that (1) respondent neglected complainant Kotler's interests and for a long time past failed to return his papers to him after proper demand; (2) with respect to complainant Walton the charge of failure to proceed with a certain rent action was not sustained and should be dismissed but the charge that respondent received a copy of the complaint from the Bar Association on July 8, 1965 and failed to answer it was sustained; (3) respondent without justification failed to return papers to complainant Schlau despite demand therefor; (4) respondent failed to make himself available to complainant Lowe, failed to inform her of the progress of her litigation, failed to deliver papers to her and failed to answer the pertinent complaint of the Bar Association, which had been delivered to him on July 8, 1965; and (5) with respect to complainant Connell, respondent was dilatory in bringing one matter to a conclusion and failed to render services in another matter, but a charge of failure to turn over $200 escrow moneys should be dismissed, relegating the matter to be determined by suit or otherwise. In our opinion, the findings as to the above enumerated complaints 1, 3 and 4 are supported by the proof and should be confirmed. With respect to enumerated complaint 2, the evidence supports the finding that respondent failed to answer the complaint, but the Referee should also have found that respondent was guilty of professional misconduct in failing to turn over a $60 check to the complainant, resulting in monetary damage to her. With respect to charge 5, the evidence supports the findings that respondent was dilatory and failed to render services, but the evidence also sustains the charge that respondent failed to turn over escrow moneys to his client. Whether the client owed respondent $100 or $115 or $155 for legal services, the defense to the failure to turn over $200 in escrow moneys was not complete. The Referee also found that respondent has shown a lack of professional responsibility to his clients and the Grievance Committee, as to the latter in failing to answer complaints served on him. In addition, we find that respondent failed to answer letters sent to him by the Grievance Committee, made himself unavailable to process servers engaged by the committee and failed to attend a hearing before the committee. The motion to confirm is granted and additional findings of professional misconduct are made as above stated. Taking into consideration the fact that respondent has served as a member of the Bar for more than 33 years, and also all the other circumstances indicated by the record, it is our opinion that suspension from practice for a year would be an appropriate and suitable discipline to be imposed upon respondent. Accordingly, respondent is suspended from the practice of the law for a period of one year, effective March 6, 1967. Beldock, P. J., Ughetta, Christ, Rabin and Benjamin, JJ., concur.